# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

VINCENTE ANTONIO TORRALBA                                            PLAINTIFF

VERSUS                              CIVIL ACTION NO. 5:11CV00059-DCB-RHW

BRUCE PEARSON                                                     DEFENDANT

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Before the Court is Petitioner Vincente Torralba's 28 U.S.C. § 2241 petition for writ of habeas corpus challenging the calculation of his sentence. Torralba argues that he should have received credit towards his federal sentence for time spent in California state custody from February 27, 2004 to August 9, 2005. Respondent asserts that: (1) under U.S.C. 18 § 3585(a), Petitioner's federal sentence did not commence until the day it was imposed (in this case August 9, 2005); and (2) under 18 U.S.C. § 3585(b), Petitioner is not entitled to credit for time served before the commencement of his federal sentence where that time was fully credited against his state sentence. Therefore, Respondent argues that Petitioner is not entitled to any additional credit towards his federal sentence and that the Bureau of Prisons (BOP) correctly calculated Petitioner's sentence.

## Factual Background

In 2003, Petitioner committed three separate offenses of armed bank robbery in Florida. Later that year, Petitioner committed armed bank robbery and use of and carrying a firearm during a crime of violence, also in Florida. California authorities arrested Petitioner on December 2, 2003, for state robbery offenses. On February 27, 2004, the Superior Court of San Diego, California sentenced him to a jail term of six years and four months. On March 26, 2004,

Petitioner was transferred into federal custody on writ of habeas corpus ad prosequendum. On August 9, 2005, the United States District Court for the Northern District of Florida sentenced Petitioner to a 181-month term of imprisonment on four counts of armed bank robbery and one count of use of and carrying a firearm during a crime of violence. After sentencing, on August 23, 2005, he was returned to state authorities.

Petitioner completed his state sentence on May 29, 2009, and was released into federal custody. On February 25, 2010, the federal court amended its original judgment of August 9, 2005, to reflect that the federal sentence was to run concurrently with Petitioner's state sentence in California. According to Respondent's [15] Answer, the BOP computed Petitioner's sentence based on a 181-month term beginning August 9, 2005, the date the federal sentence was imposed, with prior credit from December 2, 2003 through February 26, 2004, for time spent in state pre-sentence custody. Petitioner's good time conduct release date is scheduled for July 28, 2018. Petitioner has exhausted all of his administrative remedies, and has not filed a reply to Respondent's Answer; he has only requested status updates of this case and has acknowledged his receipt of Respondent's Answer.

## Law and Analysis

Petitioner believes that he should be given credit for time served in state custody based on the U.S. District Court's amended judgment of February 25, 2010, which caused his state and federal sentences to run concurrently. However, the specific time period for which Petitioner seeks credit occurred prior to the imposition of his federal sentence. Thus, as will be explained below, it cannot be credited against his federal sentence. Moreover, the time spent in state custody prior to the imposition of his federal sentence already has been credited against his state

2

sentence. As such, he is not entitled to any further credit against his federal sentence.

When calculating federal sentences, two decisions must be made: (1) the date the sentence commences, and (2) to what extent the defendant may receive credit for time spent in custody before the commencement of his sentence. *United States v. Smith*, 812 F. Supp. 368, 370 (E.D.N.Y. 1993). A federal sentence commences when the defendant is received by the Attorney General of the United States for service of his federal sentence. *Leal v. Tombone*, 341 F. 3d 427, 428 (5th Cir. 2003). 18 U.S.C. § 3585(a) provides that: "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to ... the official detention facility at which the sentence is to be served." However, a federal sentence can not be implemented earlier than the date it is imposed. *United States v. Flores*, 616 F. 2d 840, 842 (5th Cir. 1980). Accordingly, the BOP has correctly calculated Petitioner's sentence to have begun on August 9, 2005; the date it was imposed. Accordingly, Petitioner's contention that he should receive credit for a time period prior to the imposition of the federal sentence, i.e. February 27, 2004, until August 9, 2005, is without merit.

Regarding prior custody credit, 18 U.S.C. § 3585(b) states that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against any other sentence.

In interpreting § 3585(b), the Supreme Court held that it was not the legislative intent for a defendant to receive double credit for his detention time. *See United States v. Wilson*, 503 U.S. 329, 337 (1992); *Leal*, 341 F.3d at 430; *Blood v. Bledsoe*, 648 F.3d 203, 209 (6th Cir. 2011). Furthermore, when a prisoner is in primary state custody and taken on writ into federal custody to answer federal charges, he is not entitled to have that time credited against his federal sentence. *See Chaplin v. United States*, 451 F.2d 179, 181 (5th Cir. 1971).

Petitioner received federal credit for time spent in state pre-sentence custody in California. Specifically, he received credit toward his federal sentence for the time period of December 2, 2003 to February 26, 2004. However, the time period in dispute; February 27, 2004, until August 9, 2005; was credited against Petitioner's state sentence. As such, § 3585(b) prohibits the BOP from also crediting Petitioner for that time. Awarding such credit toward's Petitioner's federal sentence would constitute an impermissible double-credit towards his sentences.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Petitioner's 28 U.S.C. § 2241 petition be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall

file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 25th day of June, 2012.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE